**FIFTH DIVISION
MCFADDEN, P. J.,
BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 28, 2017**

# In the Court of Appeals of Georgia

A17A0084. IN THE INTEREST OF C. W., a child.

MCFADDEN, Presiding Judge.

The state filed a delinquency petition against C. W. for driving under the influence of alcohol, OCGA § 40-6-391 (a) (1), (k) (1), underage possession of alcohol, OCGA § 3-3-23, reckless driving, OCGA § 40-6-390, and speeding, OCGA § 40-6-181. The juvenile court granted C. W.'s motion to suppress evidence of his blood-alcohol level obtained through a warrantless blood test, finding that the state did not show C. W. voluntarily consented to the blood test. The state appeals. Because the evidence presented at the hearing on the motion to suppress does not demand a finding contrary to the juvenile court's ruling, we affirm.

A blood test is a search within the meaning of the Fourth Amendment. *Williams v. State*, 296 Ga. 817, 819 (771 SE2d 373) (2015). A warrantless search is "per se

unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions. Thus, a warrantless search is presumed to be invalid, and the [s]tate has the burden of showing otherwise." Id. (citations omitted). Here, the state argued that C. W. consented to the blood test, so no search warrant was needed. See id. at 821 ("it is well settled in the context of a DUI blood draw that a valid consent to a search eliminates the need for … a search warrant") (citations omitted). To meet its burden of showing consent, the state was required to show that C. W. acted freely and voluntarily in giving actual consent. Id. at 821-822; *State v. Brogan*, 340 Ga. App. 232, 233 (797 SE2d 149) (2017). After receiving evidence at a hearing, the juvenile court granted the motion to suppress, finding that C. W.'s consent to the blood test was not voluntary.

"When the facts material to a motion to suppress are disputed, it generally is for the trial judge to resolve those disputes and determine the material facts." *Hughes v. State*, 296 Ga. 744, 746 (1) (770 SE2d 636) (2015) (citation omitted). "An appellate court generally must (1) accept a trial court's findings unless they are clearly erroneous, (2) construe the evidentiary record in the light most favorable to the factual findings and judgment of the trial court, and (3) limit its consideration of the

2

disputed facts to those expressly found by the trial court." *State v. Bowman*, 337 Ga. App. 313 (787 SE2d 284) (2016) (citations omitted).

The evidence presented at the motion to suppress hearing, construed in favor of the trial court's factual findings and judgment, showed that a trooper with the Georgia State Patrol saw 16-year-old C. W. driving his car at a speed of 79 miles per hour on a road with a posted speed limit of 55 miles per hour. The trooper stopped C. W.'s car and asked him to get out. C. W. smelled of an alcoholic beverage. His speech was slow and slurred, his eyes were bloodshot, glossy, and watery, and he seemed withdrawn. Although he initially denied drinking, C. W. eventually told the trooper that he had drunk three beers earlier in the day. The trooper administered field sobriety tests and a portable breath test, which indicated the presence of alcohol on C. W.'s breath. At that point, the trooper arrested C. W. and handcuffed him. He read C. W. the implied consent notice for persons under the age of 21. C. W. agreed to submit to a state-administered chemical test. The trooper drove C. W. to a police precinct to undergo a blood test. More than an hour passed between the reading of the implied consent warning and the blood test. The officer testified that he was "very stern" while interacting with C. W.

A paramedic drew C. W.'s blood at the precinct. The paramedic had the trooper sign the consent form on C. W.'s behalf because C. W. is a minor, their protocols prohibit a minor from consenting, and C. W. was in the trooper's custody. C. W. did not read the consent form and neither the paramedic nor the trooper read it to him. C. W.'s parents were not present when his blood was drawn; the paramedic did not recall that C. W.'s parents had been notified that his blood would be drawn; and C. W.'s father arrived after his blood had been drawn.

Based on these facts, the juvenile court found that C. W.'s consent to the blood test was not voluntary. The court concluded that although C. W. was not threatened with physical harm, "given his youth and the other circumstances, a reasonable person would not have felt free to decline the [trooper's] request to submit to the blood test."

> Evaluating the totality of these circumstances, we are reminded that in the absence of evidence of record *demanding* a finding contrary to the judge's determination, the appellate court will not reverse the ruling sustaining a motion to suppress. And here, the evidence supports the trial court's findings and certainly does not *demand* a conclusion contrary to the court's ruling.

*Bowman*, supra, 337 Ga. App. at 318 (citations and punctuation omitted; emphasis in original).

4

The state argues that the fact the trooper read the implied consent notice to C. W. does not per se mean that his consent was coerced. It also argues that, contrary to C. W.'s contention, a juvenile may consent to a blood test. But the juvenile court did not rule that C. W.'s consent was coerced, as a matter of law, due to the reading of the implied consent notice. Nor did the court rule that C. W.'s age meant that, as a matter of law, he could not consent to a blood test. So those issues are not before us.

The state also "argues that the evidence supported a finding of voluntary consent. Were we reviewing a denial of a motion to suppress, this argument might be persuasive. But we are reviewing a grant of a motion to suppress, and the evidence did not demand a finding contrary to the trial court's decision. For this reason, we must affirm." *Brogan*, 340 Ga. App. at 236 (citations and punctuation omitted).

*Judgment affirmed. Branch, J., concurs. Bethel, J., concurs specially.*

A17A0084. IN THE INTEREST OF C.W., a child.

BETHEL, Judge, concurring specially.

I concur in Presiding Judge McFadden's opinion because it provides the required deference to the trial court. I am, however, concerned that the opinion could be used to support the proposition that a defendant's age may provide the exclusive basis for a motion to suppress based on a finding of a lack of voluntariness with regards to a consent to a blood draw in future cases. Because I do not believe the age of the defendant can or should provide the sole basis for such a finding or motion, I concur specially.

The Presiding Judge correctly notes that the trial court did not rule that C.W., based on age, could not consent to a blood test as a matter of law. Nevertheless, a review of the circumstances and findings recounted in the trial court's order and in

the Presiding Judge's opinion make it difficult to see what else might have supported the suppression. In fact, other than the use of a "stern voice" (hardly a rarity among the law enforcement community), it is difficult to discern anything in the order's findings that depart from a normal and typical DUI stop and arrest. Thus, the factors identified by the trial court include:

1) C.W. was 16 years old at the time;

2) the officer spoke sternly to C.W.;

3) the stop lasted long enough for the trooper to conduct three field sobriety tests;

4) upon a finding of probable cause, C.W. was arrested and handcuffed;

5) the trooper advised C.W. of the statutorily required advised consent standard applicable to drivers under the age of 21; and

6) the trooper transported C.W. to the precinct for the blood draw.

Factors 3-6 are normal, expected, and functionally essential elements of a lawful DUI stop and arrest. Thus, it seems difficult to imagine a lawful stop that would not include these factors (or something nearly identical). I struggle to see how these factors could be the basis of fear, intimidation, threat of physical punishment, or lengthy detention that would call into question an otherwise voluntary consent to

2

search. This leaves C.W.'s age and a stern voice which seems like a very short distance from age alone being the determining factor.

Allowing age alone to be the determining factor would leave law enforcement with no lawful means of conducting this sort of search on young drivers and I do not believe that the Fourth Amendment requires such a rule. I do not believe that the Presiding Judge explicitly suggests that standard. But, I fear his opinion could be read to support that conclusion. Accordingly, I concur specially.